UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRISHA A LEBLANC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00838-SEB-MKK |
| | ) |
| SIKANDER SINGH, | ) |
| GILLSON TRUCKING, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Trisha LeBlanc ("Ms. LeBlanc") brought this suit against Defendants Sikander Singh ("Mr. Singh") and his employer, Gillson Trucking, Inc. ("Gillson Trucking"), (collectively, "Defendants"), asserting that Defendants' negligence was the proximate cause a two-vehicle collision resulting in Ms. LeBlanc's personal injuries. Now before the Court is Defendants' Motion for Judgment on the Pleadings, dkt. 18, seeking dismissal of Ms. LeBlanc's claim against Gillson Trucking for negligent hiring, training, and supervision as well as her claim against both Defendants for punitive damages. For the reasons stated below, Defendants' Motion is **DENIED**.

1

## LEGAL STANDARD[1]

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Much "[l]ike Rule 12(b) motions, courts grant Rule 12(c) motions only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.' " *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Cap. Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The moving party must, therefore, "demonstrate that there are no material issues of fact to be resolved." *Id.* In reviewing "the complaint, the answer, and any written instruments attached as exhibits," we must take the facts in the light most favorable to the nonmoving party. *Id.*; *e.g.*, *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

## BACKGROUND

Ms. LeBlanc alleges that, on June 25, 2022, Mr. Singh, in executing a right turn of his semi-tractor trailer (owned by Gillson Trucking), collided into Ms. LeBlanc's vehicle. Am. Compl. ¶¶ 8–9, dkt. 8. Ms. LeBlanc avers that Mr. Singh was negligent in his failure to keep and maintain a proper lookout for other vehicles; to use the lanes properly; to maintain proper control of Gillson Trucking's semi-tractor trailer; to obey an automatic traffic signal; to sound an alarm of his approach; and to operate his vehicle at a safe speed. After the collision occurred, Mr. Singh allegedly also failed to stop at the scene of the accident.

---

[1] Defendants cite Federal Rule of Civil Procedure 12(b)(6) as an additional basis of their request that we dismiss portions of the Amended Complaint. Dkt. 18 at 1. Because the pleadings have closed, we shall analyze the instant motion as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c).

Ms. LeBlanc asserts, and Gillson Trucking admits, that Mr. Singh was acting within the course and scope of his employment at the time of the collision.

On May 20, 2024, Ms. LeBlanc filed this lawsuit against Defendants, alleging four causes of action, each arising under Indiana law: negligence against Mr. Singh only (Count I); vicarious liability and negligent hiring, training, and supervision against Gillson Trucking only (Counts II and III, respectively); and punitive damages against both Defendants (Count IV). On July 31, 2024, Defendants moved for partial judgment on the pleadings. That motion, dkt. 18, is fully briefed and ripe for ruling.

## DISCUSSION

In moving for partial judgment on the pleadings, Defendants seek the dismissal of Ms. LeBlanc's negligent hiring, training, and supervision claim against Gillson Trucking as well as her punitive damages claim against Gillson Trucking and Mr. Singh. We address each claim below.

### I.     Negligent Hiring, Training, & Supervision

In her Amended Complaint, Ms. LeBlanc asserts two types of negligence claims against Gillson Trucking: respondeat superior and negligent hiring, training, and supervision. The former "imposes vicarious liability" on an employer for its employee's negligent conduct that occurs *within* the scope of employment, whereas the latter "imposes direct liability" on an employer and requires that the employee's negligent conduct occurred *outside* the scope of employment. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 377 (Ind. 2022). "Under each claim, the plaintiff seeks the same result—employer liability—and recovery is based on the same negligent act—the employee's." *Sedam v. 2JR Pizza*

3

*Enters., LLC*, 84 N.E.3d 1174, 1178 (Ind. 2017) (citing *Tindall v. Enderele*, 320 N.E.2d 764, 768 (Ind. Ct. App. 1974)).

"[W]hen an employer admits that an employee was acting within the course and scope of his or her employment, absent special circumstances, negligent hiring claims are precluded" *id.* at 1179, because "[p]roof of additional elements of negligent hiring . . . would not be relevant to the issues in dispute, would be wasteful of the court's time, and may be unnecessarily confusing to the jury." *Levinson v. Citizens Nat'l Bank of Evansville*, 644 N.E.2d 1264, 1269 (Ind. Ct. App. 1994). As such, Indiana courts "routinely dismiss alternative theories of negligence once vicarious liability has been established." *Ramos v. CMI Transp., LLC*, No. 3:18-CV-968-JD, 2019 WL 3244612, at *3 (N.D. Ind. July 19, 2019) (granting employer's motion for judgment on the pleadings on negligence theory where employee admitted fault and employer conceded vicarious liability).

An employer's scope-of-employment admission notwithstanding, courts need not dismiss negligent hiring claims under "special circumstances," such as "when an employee commits an intentional tort, [when] an employee is incapable of being negligent, . . . when an employer is a charitable institution," or, as is relevant here, when a plaintiff seeks punitive damages. *Sedam*, 84 N.E.3d at 1177 n.3 (citing *Lange v. B & P Motor Exp., Inc.*, 257 F. Supp. 319, 323 (N.D. Ind. 1966); *Tindall*, 320 N.E.2d at 768). "[P]unitive damages are available for negligent hiring claims, but not typically [for] negligence claims hinging on the doctrine of respondeat superior." *Finn v. Nelson*, No. 2:18-CV-283, 2020 WL 3302989, at *1 (N.D. Ind. June 18, 2020); *see also Est. of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 261 (Ind. Ct. App. 2013) (Punitive "damages should not be imposed against a corporation

4

strictly on the basis of respondeat superior of an employee's misconduct."). Thus, "where punitive damages are at issue, the general rule requiring dismissal of a negligent hiring claim is not necessarily required." *Finn*, 2020 WL 3302989, at *1; *see also Tindall*, 320 N.E.2d at 768 (affirming trial court's exclusion of evidence pertaining to negligent hiring claim and stating that "[t]he sole possible advantage to the pursuit of a negligent hiring theory in [vicarious liability] cases . . . would be the potential assessment of punitive damages").

  Here, Gillson Trucking argues that Ms. LeBlanc's negligent hiring, training, and supervision claim must be dismissed because it has admitted that Mr. Singh was acting within the course and scope of his employment at the time of the collision. *See* Answer ¶¶ 8, 14–15, dkt. 17. Because the pursuit of punitive damages constitutes a "special circumstance" permitting a plaintiff to proceed on theories of respondeat superior and negligent hiring, we need not dismiss Ms. LeBlanc's negligent hiring claim at this juncture. While Ms. LeBlanc ultimately will not be permitted to "recover twice for the same damage," *Sedam*, 84 N.E.3d at 1178, Gillson Trucking's admission that Mr. Singh was acting within the scope of his employment does not bar Ms. LeBlanc from pursuing a negligent hiring, training, and supervision claim or presenting evidence on that topic, insofar as is relevant to her request for punitive damages. *Friday v. Magnifique Parfumes & Cosms., Inc.*, No. 3:17-CV-380-JD, 2017 WL 6048887, at *2 (N.D. Ind. Dec. 7, 2017). Gillson Trucking's motion for judgment on the pleadings as to the negligent hiring claim is denied accordingly.

## II.    Punitive Damages

Next, Defendants seek the dismissal of Ms. LeBlanc's "claim for punitive damages," dkt. 18 at 1, arguing that the factual allegations of Mr. Singh's purported negligence do not plausibly entitle Ms. LeBlanc to such enhanced relief. At the outset, we note that, although Ms. LeBlanc frames her request for punitive damages as an independent claim, "[p]unitive damages are a *remedy*, not a separate cause of action," meaning that "[t]here is no free-standing claim for punitive damages apart from the underlying cause of action." *Crabtree ex rel. Kemp v. Est. of Crabtree*, 837 N.E.2d 135, 137–38 (Ind. 2005). The prerequisite elements for punitive damages "only define when punitive damages *may* be awarded as part of the damages to which a plaintiff may be entitled if successful under a recognized existing cause of action." *Yost v. Wabash Coll.*, 3 N.E.3d 509, 514 (Ind. 2014) (emphasis in original). Accordingly, we recast Ms. LeBlanc's "claim for punitive damages" as a component of her prayer for relief and evaluate the plausibility of her allegations accordingly. *Lengacher v. Wayne*, No. 3:23-CV-547-DRL-MGG, 2024 WL 728050, at *2 (N.D. Ind. Feb. 22, 2024); *see also Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (A "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.").

A so-called "claim" for punitive damages "may only be dismissed where it appears that the pleadings themselves fail to provide a basis for" that type of recovery. *Perron v. JP Morgan Chase Bank, N.A.*, No. 1:12-CV-01853-TWP, 2014 WL 931897, at *6 (S.D. Ind. Mar. 10, 2014). "In tort actions, 'punitive damages may be awarded upon a showing of willful and wanton misconduct' such that the defendant subjected other persons to probable

6

injury, with an awareness of such impending danger and with heedless indifference of the consequences." *Yost*, 3 N.E.3d at 523–24 (internal quotations and citations omitted). Alternatively, punitive damages may be awarded "where the defendant acted maliciously, fraudulently, oppressively, or with gross negligence *and* the conduct was not the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other such noniniquitous human failing." *Id.* at 524 (emphasis in original) (internal quotation and citations omitted). "Punitive damages are a jury question," *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 54 (Ind. Ct. App. 1993), and plaintiffs have "an especially heavy burden of proof at trial" of demonstrating their entitlement to such damages by clear and convincing evidence. *Yost*, 3 N.E.3d at 524.

Here, Ms. LeBlanc alleges that Mr. Singh failed to maintain a proper lookout, disobeyed an automatic traffic signal, failed to sound an alarm or warning of his approach, failed to maintain proper lane usage, and operated the semi-tractor trailer at an unsafe speed. She further avers that Mr. Singh "did not stop at the [c]ollision scene." Am. Compl. ¶ 9, dkt. 8. Defendants contend that Mr. Singh's failure to stop cannot support an (eventual) award of punitive damages because he "was unaware that a collision had occurred," dkt. 18 at 8, and Ms. LeBlanc otherwise "has not presented any factual statements or evidence" plausibly suggesting that Mr. Singh sought to "evade the consequences of his actions," dkt. 27 at 2. Dismissal of her request for punitive damages is therefore appropriate, Defendants

7

argue, because "negligent operation of a motor vehicle alone is insufficient" to support an award of punitive damages. Dkt. 18 at 12.[2]

Whatever the merit of Defendants' contentions might be, courts "cannot simply reject [a plaintiff's] allegations just because [a defendant] denies them." *Adams v. Waupaca Foundry*, No. 3:17-CV-00140-WCG, 2017 WL 6493090, at *3 (S.D. Ind. Dec. 19, 2017). At this early stage, we must (and therefore do) construe all factual allegations in the light most favorable to Ms. LeBlanc. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). In so doing, we hold that the allegation of Mr. Singh's failure to stop after his semi-tractor trailer after striking Ms. LeBlanc's vehicle—coupled with the (unchallenged) allegations of Mr. Singh's negligent vehicle operation—plausibly supports an inference of wanton and willful misconduct necessary to seek an award of punitive damages. Whether Ms. LeBlanc ultimately adduces clear and convincing evidence establishing the propriety of punitive damages remains to be seen, but the Amended Complaint sufficiently preserves that possibility.

---

[2] As mentioned above, Ms. LeBlanc may seek punitive damages against Gillson Trucking on a theory of negligent hiring, training, and supervision. *See Levinson*, 644 N.E.2d at 1269. Despite requesting that we dismiss the entirety of Ms. LeBlanc's punitive damages "claim," *see* dkt. 18 at 7, Defendants have not specifically addressed the legal sufficiency of her negligent hiring allegations. We, therefore, address it no further.

## CONCLUSION

For these reasons, Defendants' Motion for Judgment on the Pleadings is **DENIED**. Dkt. 18.

IT IS SO ORDERED.

Date:     3/10/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert H. Ebbs
GLASER & EBBS
rebbs@glaserebbs.com

Theresa L.D. Ebbs
GLASER & EBBS (Indianapolis)
TEbbs@glaserebbs.com

Lesley A. Pfleging
LEWIS WAGNER, LLP
lpfleging@lewiswagner.com