UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRISHA A LEBLANC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00838-SEB-MKK |
| | ) | |
| SIKANDER SINGH, | ) | |
| GILLSON TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OVERRULING PLAINTIFF'S OBJECTION

This case arises from a two-vehicle collision resulting in personal injuries to Plaintiff Trisha A. LeBlanc ("Ms. LeBlanc"). Now before the Court is Ms. LeBlanc's Objection, dkt. 104, under Rule 72(a) to the Magistrate Judge's April 17, 2026, Order denying her motion for leave to amend her expert disclosures and final witness and exhibit lists as well as for a limited discovery extension, dkt. 99. Ms. LeBlanc's Objection is fully briefed and ripe for ruling. For the reasons discussed below, Ms. LeBlanc's Objection is **OVERRULED**. Dkt. 104.

## BACKGROUND

This case is set for a jury trial in mid-September 2026. The Case Management Plan has been modified on at least four separate occasions, both jointly and through an unopposed motion filed by Defendants Sikander Singh and Gillson Trucking, Inc. ("Defendants"). Dkt. 24, 48, 59, 63, 75. The operative Case Management Plan, as amended on February 21, 2026, imposed the following deadlines: final witness and exhibit lists due on March 27, 2026; motions to limit or preclude expert testimony at trial due on March 30, 2026; and all final discovery due on April 2, 2026. Dkt. 75.

The March 27th and 30th deadlines passed, and both parties timely filed their respective witness and exhibit lists and motions *in limine*. On April 2, 2026, however, Ms. LeBlanc filed the Motion for Leave to Amend Expert Disclosures and Final Witness and Exhibit Lists and for a Limited Discovery Extension Relating to Plaintiff's Recent and Ongoing Medical Treatment. Dkt. 90. According to the April 2nd motion, Ms. LeBlanc had recently resumed collision-related medical treatment with a new provider on March 17, 2026. Dkt. 90 at 2. (That Ms. LeBlanc intended to resume medical treatment pending the activation of employer-sponsored insurance coverage was evidently relayed to all parties during her deposition on December 15, 2025. *Id.* at 2 n.2.) Ms. LeBlanc's March 17th doctor's visit included a consultation, prescriptions, and recommendations for further treatment. *Id.* at 2. At the time of her April 2nd motion, Ms. LeBlanc was also awaiting an insurance referral for mental health treatment. These circumstances led Ms. LeBlanc to "anticipate[ ] obtaining an addendum to" the report of an expert witness, Dr. Polly Westcott ("Dr. Westcott"). *Id.* Ms. LeBlanc also indicated that she "w[ould] likely have a need to call the additional providers as witnesses at trial," since those individuals would "have the most up-to-date" knowledge of her condition, thereby "ensuring that the jury receives a full, current, and accurate picture of her damages." *Id.*

Based on the foregoing, Ms. LeBlanc requested leave to amend her final witness and exhibit lists and expert disclosures in order "to add new treaters once . . . care with a new therapist and/or physician is established." *Id.* Ms. LeBlanc also proposed a limited discovery extension in the event that Defendants wanted to obtain records and/or depose Ms. LeBlanc's new providers. In Ms. LeBlanc's view, good cause existed to grant leave because she had "been forthright with Defendants regarding her ongoing treatment" and because she agreed that Defendants should be given the opportunity to conduct additional discovery. *Id.* at 3.

2

On April 17, 2026, the Magistrate Judge denied Ms. LeBlanc's motion for leave to amend on the grounds that she had failed to establish good cause. Dkt. 99. The Magistrate Judge also held that Rule 37 precludes Ms. LeBlanc from introducing undisclosed evidence at trial because Ms. LeBlanc had not shown that her failures were substantially justified or harmless. The Magistrate Judge declined to independently consider Ms. LeBlanc's request for a limited discovery extension on the grounds that Ms. LeBlanc improperly merged multiple motions into a single filing, in contravention of Local Rule 7-1(a), which provides that "[m]otions must be filed separately." *Id.* at 3–4 (quoting S.D. Ind. L.R. 7-1(a)).

Ms. LeBlanc timely objected to the Magistrate Judge's Order on May 1, 2026. Dkt. 104. That Objection is fully briefed and ripe for ruling.

## LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, magistrate judges may resolve certain "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). "[W]ithin 14 days after being served with a copy" of the magistrate judge's ruling, a "party may serve and file objections," in which circumstance the "district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *accord* 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard of review is "extremely deferential, and will only be found to exist where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (internal quotations and citations omitted). Likewise, "magistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

## DISCUSSION

In denying leave to amend, the Magistrate Judge held that Ms. LeBlanc's motion fell short of establishing that her untimeliness in informing the Court of a (potential) need to supplement or amend her disclosures was justified by good cause and/or excusable neglect, which might otherwise warrant a post-deadline modification of the case management plan. The Magistrate Judge also found that Ms. LeBlanc failed to show that her desired extensions were substantially justified or harmless. Dkt. 99 at 7.

Ms. LeBlanc challenges the denial of her motion for leave, arguing that the Magistrate Judge's Order is clearly erroneous and contrary to law because it: (1) "mischaracterize[d]" her motion as entirely speculative; (2) "misapplie[d] Local Rule 7-1(a)"; (3) "applie[d] Rule 16 and Rule 6 too rigidly"; and (4) "denie[d] narrowly tailored relief despite the availability of a cure for any prejudice through limited supplemental discovery." Dkt. 104 at 1. Defendants oppose Ms. LeBlanc's objection in all respects. Dkt. 106.

The modification of court-imposed deadlines is governed by Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 6 similarly provides that a district court may extend a missed deadline for "good cause" when a "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Similarly relevant to the instant objection is Rule 26, which "requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is 'incomplete or incorrect and if the additional corrective information has not otherwise

been made known to the other parties during the discovery process or in writing.' " *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003) (quoting Fed. R. Civ. P. 26(e)(1)). "To ensure compliance with these discovery requirements," *id.*, Rule 37 provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless," Fed. R. Civ. P. 37(c)(1). Absent such a showing by the offending party, Rule 37's "sanction of exclusion is automatic and mandatory . . . ." *David*, 324 F.3d at 857.

## I.      Rule 16(b)'s Good Cause Determination

As noted above, the central consideration in evaluating the propriety of a post-deadline scheduling modification is "the diligence of the party seeking amendment, not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627–28 (7th Cir. 2013) (citations omitted); *e.g.*, *Evans v. Dart Transit Co.*, No. 2:12-CV-186-JVB-PRC, 2015 WL 2340659, at *3 (N.D. Ind. May 14, 2015) (stating that good cause "requir[es] a showing that, despite the party's diligence, the time table could not reasonably have been met").

In this case, the Magistrate Judge measured Ms. LeBlanc's diligence in seeking leave to amend against the procedural record, which established that Ms. LeBlanc had been aware of the need for ongoing treatment since December 2025. In spite of this knowledge, Ms. LeBlanc joined the parties' February 11, 2026, motion to extend various pre-trial deadlines and timely filed her own witness and exhibit lists on March 27, 2026, *without* alerting the Court to the possibility (or probability) that further changes would be forthcoming. Relying on Ms. LeBlanc's existing disclosures, Defendants filed motions challenging the evidentiary sufficiency of the opinions offered by Ms. LeBlanc's expert witnesses. Dkt. 86, 87.

5

Ms. LeBlanc argues that the Magistrate Judge clearly erred in failing to take into account that she could not have sought leave to address medical treatment and records that did not exist prior to March 17, 2026, at the earliest, when she established care with a new provider. Dkt. 104 at 7–8. In Ms. LeBlanc's view, she moved promptly once the relevant facts emerged, reflecting that she acted diligently. Relatedly, Ms. LeBlanc argues that the Magistrate Judge incorrectly characterized her motion as "speculative" by overlooking the fact that new treatment had commenced before Ms. LeBlanc sought leave to amend.

It appears that the Magistrate Judge's April 17th Order did not explicitly take into consideration that Ms. LeBlanc had resumed her medical treatment as recently as March 17th. However, even crediting Ms. LeBlanc's contention that her diligence ought to be assessed against her mid-March 2026 doctor's visit, we do not find that the Magistrate Judge's application of Rule 16(b)(4) led to a conclusion that was clearly erroneous or contrary to law. The sixteen days that Ms. LeBlanc possessed relevant information prior to filing her motion to amend is relatively mild compared to other cases where courts have found that a party's multi-month delay demonstrated a lack of diligence. *See, e.g.*, *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) (affirming denial of leave to amend where party received relevant information one month before the deadline and two months before moving to amend). However, Ms. LeBlanc's motion and instant objection stop short of explaining why she did not at the very least alert the court to these outstanding evidentiary developments until *after* all parties timely submitted their witness and exhibit lists as well as their respective motions *in limine*.

"Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when [s]he in silence watches a deadline pass even though [s]he has good reason to act or seek an extension of the deadline." *Id.* Our review of the record reveals that this "is what happened here." *Id.* Ms.

6

LeBlanc herself timely adhered to established case management deadlines (e.g., March 27th witness and exhibit lists and March 30th expert motion(s) *in limine*) without indicating her recent possession of new information bearing on her recovery. The Magistrate Judge properly weighed the timing of Ms. LeBlanc's motion to amend against this procedural history and reasonably concluded that Ms. LeBlanc had failed to act with diligence.

Ms. LeBlanc's argument that the Magistrate Judge clearly erred in characterizing her motion as wholly speculative is also unavailing. Ms. LeBlanc's motion for leave to amend framed the status of her care and the necessary evidentiary amendments in uncertain terms: e.g., "Plaintiff further *anticipates* obtaining an addendum"; "Plaintiff *will likely* have a need to call the additional providers as witnesses at trial"; and "Plaintiff . . . seeks leave . . . to add new treaters *once Plaintiff's care . . . is established*." Dkt. 90 at 2 (emphasis added). Ms. LeBlanc's own phrasing, coupled with the open-ended nature of the relief she sought, supported the Magistrate Judge's sound conclusion that Ms. LeBlanc had failed to show good cause to modify case management deadlines.

## II.      Rule 26(e) Supplementation & Rule 37(c)(1) Exclusion

As noted above, Rule 26 requires parties to timely designate their witnesses and exhibits and to timely supplement "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(a), (e)(1). Failure to do so results in the automatic exclusion of such evidence from trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Seventh Circuit had identified "several factors that a district court should consider in deciding whether" a belated disclosure is harmless: (1) the prejudice or surprise to the opposing party; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing

the evidence at an earlier date. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (quoting *David*, 324 F.3d at 857).

Here, the Magistrate Judge found that Ms. LeBlanc's proposal to allow discovery and future amendments to her witness and exhibit lists was contrary to Rule 26's disclosure and supplementation guidelines, impracticable, and prejudicial to Defendants. Dkt. 99 at 6. Specifically, the Magistrate Judge noted that Ms. LeBlanc did not identify "what new information will be added to supplement the expert disclosure and/or the exhibit list," thereby generating issues of surprise, uncertainty, and unnecessary costs upon Defendants. *Id.* Ms. LeBlanc failed to propose a new deadline, in contravention of Local Rule 6-1(c)(2), and failed to address the fact that the deadline for motions to limit/exclude expert witness testimony had already passed. The Magistrate Judge also highlighted that Ms. LeBlanc proposed no means by which to mitigate the prejudice against Defendants and that, in any event, "such grandiose extensions" would disrupt the trial proceedings. *Id.* at 7.

Ms. LeBlanc's Objection contends that the Magistrate Judge's Order erroneously treated her proposed supplementation as categorically improper without evaluating Ms. LeBlanc's longstanding intent to resume medical treatment pending her new health insurance. Dkt. 104 at 5. Ms. LeBlanc also reiterates that any addendum to Dr. Wescott's expert report would remain within the scope of her disclosed opinions and "would simply be informed by additional records" in a manner consistent with Rule 26(e). *Id.* Ms. LeBlanc also argues that, by construing her proposed discovery extension as violative of Local Rule 7-1, the Magistrate Judge excluded from consideration a critical aspect of her motion: to wit, a cure to the potential prejudice against Defendants.

We find no clear error in the Magistrate Judge's denial of Ms. LeBlanc's requests for leave to amend her witness and exhibit lists with new medical providers (who themselves might present

8

concerns regarding Rule 26(a)(2)(C) compliance) and to modify Dr. Westcott's expert report through a post-disclosure addendum. The Magistrate Judge fairly credited Defendants' concerns that Ms. LeBlanc's proposed (and non-specific) supplementation would inject unnecessary surprise and uncertainty into these proceedings, potentially jeopardizing the parties' preparations for an upcoming jury trial in mid-September 2026. Even crediting Ms. LeBlanc's assertion that any addendum to Dr. Westcott's expert report would be "limited" to new treatment records, the overarching problem, as found by the Magistrate Judge, was the absence of any meaningful and/or concrete explanation of what those new records might ultimately entail, how they would affect existing trial preparations (including the parties' still-pending motions *in limine*), or when a final deadline might be set.

By the time that Ms. LeBlanc moved to amend, the parties had completed their expert discovery and had filed their respective final witness and exhibit lists. Based upon the established evidentiary record, Defendants (and Ms. LeBlanc) filed expert motions. The Magistrate Judge reasonably concluded that Ms. LeBlanc's open-ended extension request posed real and substantial prejudice to Defendants. Ms. LeBlanc contends that the Magistrate Judge erred in citing Local Rule 7-1(a) as a basis for rejecting Ms. LeBlanc's request for a limited discovery extension. We need not resolve this contention by Ms. LeBlanc, since the Magistrate Judge clearly did consider Ms. LeBlanc's proposed discovery extension and found it unfeasible in light of the absence of any proposed deadline. Dkt. 99 at 7. Ms. LeBlanc's Objection enumerates a series of potential parameters to offset the prejudice to Defendants. However, these suggestions were not presented to the Magistrate Judge and thus do not establish that the Magistrate Judge's Order was clearly erroneous or contrary to law. Dkt. 104 at 6.

9

**CONCLUSION**

In summary, the Magistrate Judge applied the correct legal standards, carefully evaluated the procedural record, and acted well within her discretion in denying Ms. LeBlanc's motion. Ms. LeBlanc's Objection is hereby **OVERRULED**. Dkt. 104. This case shall proceed accordingly.

IT IS SO ORDERED.

Date:

_____6/30/2026_____

_SARAH EVANS BARKER_ (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Theresa L.D. Ebbs
GLASER & EBBS (Indianapolis)
TEbbs@glaserebbs.com

Robert H. Ebbs
GLASER & EBBS
rebbs@glaserebbs.com

Star Martinez
smartinez@lewiswagner.com

Lesley A. Pfleging
LEWIS WAGNER, LLP
lpfleging@lewiswagner.com